(7 Misc. Rep. 122.)

ABRAMSON v. KOCH.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. APPEARANCE—OBJECTIONS TO SERVICE OF SUMMONS.
   General appearance is a waiver of objections to service of summons.

2. DISTRICT COURT OF NEW YORK CITY—APPEAL—NEW TRIAL.
   Code Civil Proc. § 3068, which provides that, on appeal from a justice court, a new trial may be had in the appellate court, does not apply to the district courts of New York city.

Appeal from fourth district court.

Action by Max Abramson against John W. U. Koch for injury to plaintiff's wagon, alleged to have been occasioned by defendant's carelessness, whereby a collision occurred between the wagons of the parties. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Fred. Dieffenbach, Jr., for appellant.

Hoffman & Hoffman, for respondent.

BISCHOFF, J. Having appeared, answered, and defended the action without objection, defendant is now precluded from urging that the court below did not acquire jurisdiction of him by service of the summons. Cushingham v. Phillips, 1 E. D. Smith, 417; Sperry v. Moore, Id. 361; Andrews v. Thorp, Id. 615; Hogan v. Baker, 2 E. D. Smith, 22; Ingersoll v. Gillies, 3 E. D. Smith, 119; Miln v. Russell, Id. 303; Dempsey v. Paige, 4 E. D. Smith, 218.

Upon all the evidence adduced on the trial, there appears but a fair conflict as to the manner in which the accident occurred, and as to the effect of the collision upon plaintiff's wagon, and its contents; also, as to the value of the necessary repairs. The determination of these questions of fact was properly for the justice below, and his findings that the accident was caused by defendant's carelessness, and without contributory negligence on plaintiff's part, and that the proper amount of damages was in the sum for which judgment was rendered, must be conclusive, in view of the record submitted. Weiss v. Strauss, (Com. Pl. N. Y.) 14 N. Y. Supp. 776. Appellant does not rely upon exceptions taken to rulings on the trial, and an examination of them discloses no error.

Section 3068 of the Code of Civil Procedure, which provides for a new trial in the appellate court, applied to appeals from the justices' courts only. Section 3213 requires the new trial, if one is directed upon appeal from the district court in the city of New York, to be had in the district court. Judgment affirmed, with costs.